UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>DARYL M. DAVIS,<br><br>*Defendant.* | Docket No.: 1:24-cv-1908 |

**COMPLAINT TO REQUIRE DARYL M. DAVIS TO COMPLY WITH
A SECURITIES AND EXCHANGE COMMISSION ORDER**

The Plaintiff, Securities and Exchange Commission (the "Commission"), respectfully applies to the Court for the entry of a judgment pursuant to Section 209(d) of the Investor Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §80N-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by Defendant, Daryl M. Davis ("Davis"), with the Commission's Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP" or "Order"), to which he consented, which was entered by the Commission on July 2, 2019. (*See* Ex. 1). The OIP directed Davis to pay a civil money penalty of $184,767 plus outstanding interest which accrues pursuant to 31 U.S.C. § 3717; and certain injunctive relief.

In support of its Complaint, the Commission states as follows:

**INTRODUCTION**

1. Based on his offer of settlement, the Commission found that Davis willfully violated Section 206(1) of the Advisers Act, which prohibits an investment adviser from employing any device, scheme, or artifice to defraud any client or prospective client, and Section

206(2) of the Advisers Act, which prohibits an adviser from engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

2. The Commission seeks by this action to compel Davis to comply with the Commission Order.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Daryl McKinley Davis, age 43, is a resident of Baltimore, MD. Davis's address is 2505 Eutaw Place, Apt. 309, Baltimore, MD 21217, in Baltimore City.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act of 1940.

6. Venue lies in the United States District Court for the District of Maryland under Section 214(a) of the Advisers Act and Section 44 of the Investment Company Act. Davis is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7. The Commission's Order arose from Davis's actions by and through a now-defunct, formerly registered investment adviser, the Parrish Group, LLC ("Parrish Group"), which Davis founded. He was also the sole owner and manager of the Parrish Group.

8. From at least July 2016 to November 2017, Davis, or a Parrish Group representative acting at his direction, used a brochure called the Firm Overview ("Brochure") to advertise Parrish Group's investment advisory services at least 80 times to prospective clients. Davis drafted the Brochure and was responsible for its content.

9. The Brochure contained multiple material misrepresentations, which included claiming Parrish Group managed over $1 billion in assets, when the firm never managed any significant assets. Similarly, the Brochure represented Parrish Group had 14 employees, when the firm never had more than one other employee besides Davis.

10. In addition, the Brochure identified certain prominent individuals and entities as Parrish Group's purported clients, including a specific prominent business executive, professional athlete, pension fund, and employee health system. In fact, none of the prominent individuals or entities were ever a Parrish Group client.

11. The Brochure further falsely named three individuals as the firm's: (1) Executive Vice President and Director of Finance and Tax, (2) Executive Vice President, General Counsel, and Director of Corporate Finance & Investment Banking, and (3) Executive Vice President, Investment Strategist, and Portfolio Manager. None of the individuals named held these purported positions or any other position at Parrish Group.

12. Davis also sent emails that falsely represented that Parrish Group managed $1.4 billion in assets.

13. Based on the foregoing, Davis and Parrish Group willfully violated Sections 206(1) and 206(2) of the Advisers Act.

14. As set forth in the Commission Order, entered with Davis's consent, the Commission imposed the sanctions agreed to in Davis's settlement offer, which included an order for Davis to pay a civil money penalty of $184,767 plus additional interest that accrues pursuant to 31 U.S.C. § 3717.

15. The Commission Order also imposed the following injunctive relief: ordering Davis to cease and desist from committing or causing any violations and any future violations of

Sections 206(1) and 206(2) of the Advisers Act; barring Davis from association with any investment adviser, broker, dealer, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibiting Davis from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter.[1]

16. Davis did not seek review of the Order, and the time to do so has expired.

17. Davis has not made any payment on the Commission Order, which remains due and owning with additional interest

## CLAIM FOR RELIEF

1. Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act § 80a-41(d), both provide, in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

2. It is well-settled that the Commission may bring a proceeding to compel compliance with an order it has entered. *See, e.g.*, *Fiero v. Financial lndustry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), *citing Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

3. In response, the defendant may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC*

---

[1] Any reapplication for association by Davis will be subject to the applicable laws and regulations governing the reentry process.

*v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a[n] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003) (regarding §21(e)(1), the enforcement provision found in the Exchange Act). *See also SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003).

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

I.

Enforcing the Commission Order as to Daryl M. Davis.

II.

Entering a Judgment requiring:

a. Davis to pay a civil money penalty of $184,767, plus outstanding interest pursuant to 31 U.S.C. § 3717; and
b. the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated:  July 1, 2024

                Respectfully submitted,

                s/ Christy J. White
                CHRISTY J. WHITE
                Assistant Chief Litigation Counsel
                United States Securities and Exchange Commission
                100 F Street, NE, Mail Stop 5628
                Washington, DC 20549-5628
                WhiteChr@SEC.gov
                Telephone:   202.551.4502
                Facsimile:   202.572.1372

                Attorney for Plaintiff
                U.S. Securities and Exchange Commission