IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-01908-JRR |
| DARYL M. DAVIS, | |
| *Defendant*. | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Daryl M. Davis's correspondence at ECF No. 11, which the court construes as a Motion to Vacate Clerk's Entry of Default (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.      BACKGROUND

On July 1, 2024, Plaintiff Securities and Exchange Commission ("the Commission") initiated this action "for the entry of a judgment pursuant to Section 209(d) of the Investor Advisers Act of 1940 [], 15 U.S.C. §80N-9(d), and Section 42(d) of the Investment Company Act of 1940 [], 15 U.S.C. § 80a-41(d)," and for compliance by Defendant "with the Commission's Order Instituting Administrative and Cease-and-Desist Proceedings [], to which he consented, [and] which was entered by the Commission on July 2, 2019." (ECF No. 1 at p. 1.)

Since the initiation of this action, the Commission has attempted to serve Defendant via its process server, Cavalier Courier & Process Service ("Cavalier"). (Wyatt Decl., ECF No. 4-1 ¶¶ 2–10.) Of import here, Delaney Jean Wyatt, Chief Operating Officer of Cavalier, attests that on July 22, 2024, Cavalier received a phone call from a man who identified himself as Davis, with a phone number of 703-586-3088. *Id.* ¶ 3. The caller identified his address as 3 Fife Street in

Stafford, Virginia. *Id.* When Cavalier attempted to serve Defendant at that address on July 25, 2024, Wyatt attests, "[a] female resident was immediately hostile and stated that Davis does not live at the address," and "[w]hen asked additional questions, she only responded by saying Davis did not live there." *Id.* ¶ 4. Ultimately, based upon information known to Plaintiff, the aforementioned phone call identifying the Stafford, Virginia address, as well as state court records for Defendant, the Commission effected service on Defendant by certified mail, restricted delivery, to three addresses: 2205 Eutaw Place, Baltimore, Maryland 21217; 3 Fife Street, Stafford, Virginia 22554; and 2204 Westwood Avenue, Baltimore, Maryland 21216. (ECF No. 4.) Relevant here, the requisite service documents were delivered to the Virginia address on October 3, 2024. (ECF No. 6-2.) Defendant never appeared or responded to the Complaint.

On September 4, 2025, the Commission moved for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 6.) Accordingly, the Clerk entered default on September 11, 2025. (ECF No. 7.) On September 26, 2025, Defendant filed the instant Motion to vacate the entry of default on grounds that he was never served. (ECF No. 11.) Of import here, in his Motion, Defendant identifies his number as 703-586-3088—the same number as the caller to Cavalier—and his mailing address as 3 Fife Street address in Stafford, Virginia—the address used for service noted above. (ECF No. 11, 11-1.)

## II.  <u>ANALYSIS</u>

Under Federal Rule of Civil Procedure 55(c), the court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth

Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) ("[T]he law disfavors disposition by default and accords preference to resolving a case on its merits.").

The Fourth Circuit has identified six factors that district courts should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–205. "In weighing these factors, a district court should not 'place[ ] overarching emphasis on a single *Payne* factor.'" *Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-0842, 2023 WL 2185777, at *3 (D. Md. Feb. 23, 2023) (citing *Colleton Preparatory Acad.*, 616 F.3d at 419).

A. <u>**Service**</u>

While not a *Payne* factor, the court turns first to Plaintiff's sole argument—that he was not served. The court is satisfied that the Commission effectuated service in accordance with Federal Rule of Civil Procedure 4(e), and provided sufficient evidence of same, by mailing the Complaint to Defendant at the address identified by the caller to Cavalier and that Defendant now identifies as his address with the court. Federal Rule of Civil Procedure 4(e) provides in part:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

FED. R. CIV. P. 4(e)(1). Maryland law on service further provides:

3

> Service of process may be made within this State or, when authorized by the law of this State, outside of this State . . . by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery.

MD. RULE 2-121(a).

The Commission served Defendant by mailing the papers by certified mail, restricted delivery, to the address identified by Defendant in his communications with Cavalier and what he now represents to the court as his address. Although he argues he was not served, Defendant offers no argument, explanation, or attestation to support that assertion or to contradict the record before the court, including the sworn statement regarding the caller identifying himself to be Defendant, using Defendant's phone number, and identifying Defendant's address as the addressed used herein. The court is thus satisfied that the Commission effected proper service upon Defendant.

### B.  **Meritorious Defense**

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997). "The burden for proffering a meritorious defense is not onerous." *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013) (citing cases). As this court has explained,

> "[A]ll that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). "The question of whether the factual allegation[s] [are] true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Mesle*, 615 F.3d at 1094

4

*Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-842, 2023 WL 3763976, at *7 (D. Md. June 1, 2023); *see Russell*, 2013 WL 66620, at *2 (same).

Here, Defendant's entire Motion appears to rest on his bald assertion that he was not served and, therefore, need not assert a meritorious defense. He has not filed an answer or motion to dismiss, nor has he asserted a substantive defense to the allegations. As the court has rejected his argument as to service, this factor weighs against granting the Motion.

### C. Reasonable Promptness

"[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default . . . ." *Nat'l Liab. & Fire Ins. v. Rooding*, No. CV ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016) (quoting *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001)). "Courts must consider the specific 'facts and circumstances of each occasion' when determining whether a defendant acted in a reasonably prompt manner when moving to set aside a default." *Propps v. Kirkpatrick*, No. CV 21-01744-SAG, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021) (quoting *Prescott v. MorGreen Solar Solutions, LLC*, 352 F. Supp. 3d 529, 537 (E.D.N.C. 2018)). Defendant filed his Motion within 15 days of entry of default, within the 30-day timeframe imposed by Local Rule 108.2. (ECF No. 11.) *See also Ruano v. Scratch Kitchen & Bistro, LLC*, No. CV DKC 23-2461, 2025 WL 1697443, at *7 (D. Md. June 17, 2025) (noting that "[t]his court has found that a delay of less than a month constituted reasonable promptness") (citing *Lorenzo v. Stansbury Bldg. Serv., Inc.*, No. 22-CV-459-DKC, 2022 WL 4608143, at *2 (D. Md. Sept. 30, 2022)).

Despite moving in an expeditious fashion, however, Defendant provides no basis for the relief requested, besides the service argument, which the court rejects. He has otherwise failed to engage or respond to matters in this action—he has not responded to the motion for default

judgment; he has not filed a reply in support of his Motion that addresses the Commission's opposition; he has not sought to respond to the Complaint. Accordingly, this factor is, at best, not persuasively in favor of the Motion.

### D. Personal Responsibility of the Defaulting Party/History of Dilatory Actions

"The third and fifth *Payne* factors can be addressed together." *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 682 (D. Md. 2024). "In considering personal responsibility, district courts in the Fourth Circuit have found that default judgment 'is reserved only for cases where the party's noncompliance represents bad faith or complete disregard for the mandates of procedure and the authority of the trial court.'" *Id.* (quoting *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. 1:12-cv-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013), *report and recommendation adopted*, 2013 WL 6080178 (D. Md. July 8, 2013)).

This factor does not weigh in favor of Plaintiff's requested relief. As the court addressed above, Defendant challenges service, but fails to offer any evidence, including even his own attestation, to dispute the record before the court. He does not address the call from his phone number or his connections to the addresses identified. The foregoing, accompanied by Defendant's failure to contradict same and rely instead upon his own self-serving assertions, certainly raises questions as to whether he has exercised personal responsibility and has engaged in dilatory actions, or is "motivated by any intent . . . to disregard or derail the legal process." *Cofield v. Worktime, Inc.*, No. CV 22-00727-SAG, 2022 WL 2315723, at *2 (D. Md. June 28, 2022). Based on the foregoing, these factors do not favor granting the Motion.

### E. Prejudice to the Party

"[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418. There is no prejudice to a plaintiff where the

disadvantage is simply the "los[s] [of] a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). As the Commission's arguments of prejudice are primarily based on delay in its efforts to seek a final judgment, this factor weighs in favor of the Motion.

### F. Analysis of Factors and Less Drastic Sanctions

In light of the above analysis, and where Defendant has failed to set forth any basis for the relief he seeks, excepting his rejected service argument, the court declines to vacate the Clerk's entry of default in this case. In short, Defendant has failed to show good cause for same, even when considering his *pro se* status and the Fourth Circuit's preference for resolving cases on their merits. The court is not persuaded that a less drastic sanction is warranted.[1] Cognizant of these important principles, however, the court will permit Defendant an additional opportunity to respond to Plaintiff's motion for default judgment, despite his current failure to do so.

## III. CONCLUSION AND ORDER

For the reasons above, it is this 4th day of November 2025,

**ORDERED** that the Motion (ECF No. 11) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that Defendant Daryl M. Davis shall have until 21 days from entry of this order to respond to the Commission's motion for default judgment at ECF No. 10.

Madam Clerk shall transmit a copy of this order Defendant at his address of record.

/s/_____
Julie R. Rubin
United States District Judge

---

[1] Nor does Defendant suggest any less drastic sanction.