UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** * | |
| * | |
| Plaintiff, * | Civil Action No. JRR-24-1908 |
| v. * | |
| **DARYL M. DAVIS** * | |
| Defendant. * | |
| * | |

**MEMORANDUM ORDER**

On December 2, 2025, the Honorable Julie R. Rubin referred this case to the undersigned for a report and recommendation addressing Plaintiff Securities and Exchange Commission's (the Commission) motion for a default judgment (ECF No. 10) pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 15. As set forth more fully below, the Commission's filings in connection with its pending motion do not provide an adequate basis for the undersigned to prepare such a report and recommendation. Therefore, the Commission will be granted leave to file a supplement to its motion, to which Defendant Daryl M. Davis will be granted leave to respond.

On July 1, 2024, the Commission initiated the above-captioned action pursuant to Section 209(d) of the Advisers Act of 1940, 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940, 15 U.S.C. § 80a-41(d), to enforce Mr. Davis's compliance with the Commission's Order Instituting Administrative Cease-and-Desist Proceedings. ECF No. 1. The Commission seeks an entry of judgment requiring that Mr. Davis pay a civil penalty in the amount of $184,767, plus outstanding interest pursuant to 31 U.S.C. § 3717, as well as injunctive relief. *Id.* at ¶¶ 14–15.

On August 25, 2025, Judge Rubin ordered the Commission to show cause as to why the instant action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 103.8.b.  ECF No. 5.  Thereafter, the Commission moved for the Clerk's Entry of Default, which was entered on September 11, 2025.  ECF Nos. 6–8.  Mr. Davis moved to vacate the Clerk's Entry of Default, which Judge Rubin denied.  ECF Nos. 11, 14.  During the pendency of Mr. Davis's motion to vacate, the Commission moved for a default judgment, which, as noted, is pending before the undersigned for a report and recommendation.  ECF Nos. 10, 15.  Mr. Davis did not file a response to the Commission's motion for a default judgment.

Federal Rule of Civil Procedure 55 governs entries of default and default judgments.  "Although the United States Court of Appeals for the Fourth Circuit has a strong policy that cases be decided on the merits, default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party."  *Entrepreneur Media, Inc.* v. *JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (internal quotation marks and citations omitted).  Accordingly, Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  When the party's claim is not for "a sum certain" or "a sum that can be made certain by computation," the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).

When deciding a motion for default judgment, "the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."  *Securities & Exch. Comm'n* v. *Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005).  With respect to liability, the Court must consider whether the well-pled allegations state a plausible claim.  *Frozen Wheels, LLC* v. *Potomac Valley Home Med., Inc.*, Civil Action No. CCB-20-2479, 2024 WL

1132092, at *3 (D. Md. Mar. 15, 2024) (Coulson, J.) (noting that "the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law"), *report and recommendation adopted*, 2024 WL 6084697 (D. Md. Apr. 2, 2024); *Select Specialty Hosp. - Quad Cities, Inc.* v. *WH Administrators, Inc.*, Civil Action No. PX-18-3586, 2020 WL 4569521, at *3 (D. Md. Aug. 7, 2020) (observing that "the pleading standards announced in *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007), [apply] in the context of default judgments").

If the Court determines that the well-pled allegations are sufficient to establish liability, it must then determine the appropriate amount of damages or other relief. *Frozen Wheels, LLC*, 2024 WL 1132092, at *3; *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593. Rule 54 provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Damages are therefore "circumscribed by that which is requested in the complaint." *Select Specialty Hosp. - Quad Cities, Inc.*, 2020 WL 4569521, at *3. When assessing damages or other relief, the Court cannot accept as true the well-pled allegations but must instead make an independent determination that is "supported by evidence introduced either at a hearing or by affidavit or other records." *Id.*; *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593; *see also Frozen Wheels, LLC*, 2024 WL 1132092, at *3 ("A plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence."). When evaluating damages, the Court may "conduct hearings or make referrals," Fed. R. Civ. P. 55(b)(2), although an evidentiary hearing is not required in every circumstance, *Monge* v. *Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

Here, the Commission's motion and supporting memorandum of law do not outline the elements of its causes of action, discuss how the well-pleaded allegations plausibly satisfy the

3

elements, or provide support for its calculation of damages and other requested relief. Further, the relief sought in the Commission's motion for a default judgment appears to differ from what it requested in the Complaint. *Compare* ECF No. 1 ¶¶ 14–15 (seeking, among other things, a civil penalty in the amount of $184,767) *with* ECF No. 10-1 at 5[1] (seeking, among other things, disgorgement in the amount of $184,767). Disgorgement is distinct from a civil penalty and is not alleged in the Commission's Complaint, which anchors and constrains the scope of available relief. *See*, *e.g.*, *Securities & Exch. Comm'n* v. *Miller*, Civil Action No. DLB-19-2810, 2024 WL 4534512, at *11 (D. Md. Oct. 21, 2024) ("Civil penalties serve a different purpose than disgorgement."); *United States Sec. & Exch. Comm'n* v. *Melton*, No. 1:23-CV-434, 2025 WL 2807651, at *4 (M.D.N.C. Oct. 2, 2025) ("Unlike disgorgement, which is directed to depriving wrongdoers of the proceeds of their illegal conduct, civil penalties 'are intended to punish and label defendants wrongdoers.'") (quoting *United States Sec. & Exch. Comm'n* v. *Johnson*, 43 F.4th 382, 393 (4th Cir. 2022)). Further, the Commission's motion is devoid of any discussion of the factual and legal bases for the post-judgment interest and various categories of injunctive relief outlined in its proposed order. *Compare* ECF No. 10-1 *with* ECF No. 10-4.

There is, therefore, an inadequate basis for the undersigned to consider and make recommendations regarding the merits of the Commission's motion. This Court has previously denied a motion for default judgment based on similar shortcomings. *United States* v. *Vardoulakis*, Civil Action No. WDQ-07-3341, 2010 WL 5137653, at *1 (D. Md. Dec. 9, 2010), *opinion amended and supplemented*, 2011 WL 255810 (D. Md. Jan. 26, 2011) (Grimm, J.) (noting that the United States's initial motion for default judgment was denied because "the Government [had] failed to discuss the essential elements of its two claims or demonstrate how

---

[1] Page numbers refer to the pagination of the Court's CM/ECF system printed at the top of the cited document.

the well-pleaded facts of the Complaint establish each of them"); *see also United States* v. *Vardoulakis*, Civil Action No. WDQ-07-3341, 2011 WL 255810, at *2 (D. Md. Jan. 26, 2011) (Grimm, J.) ("While cases of this nature may be routine to the trial attorneys in the Tax Division of the United States Department of Justice, they are not routine for busy trial courts such as this one.  It is not too much to expect that the Government will actually describe in a clear and particularized fashion exactly how it calculates the damages it seeks, and the supporting authority, rather than assuming omniscience or clairvoyance on the part of the Court.").

In the interest of judicial economy, rather than denying the Commission's motion and granting it leave to refile, the Commission will be granted leave to supplement the pending motion to more fully set forth the factual and legal bases for liability and damages.  Failure to adequately address the issues identified herein may result in denial of the motion or a recommendation that the Court award less than the full measure of relief sought.  In the interest of fairness, Mr. Davis will be granted leave to respond to the Commission's supplemental filing.

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff may file a supplement to the pending motion for default judgment (ECF No. 10) on or before January 6, 2026;

2. Defendant may file a response to any supplement filed by Plaintiff on or before January 27, 2026; and

3. The Clerk of the Court is directed to send a copy of this Order to Defendant.


Date:  December 16, 2025                               /s/
                                                    Erin Aslan
                                                    United States Magistrate Judge